# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2014

Lyle W. Cayce
Clerk

No. 13-30856

LAURIE ANNE FUTRAL,

Plaintiff - Appellant

v.

PAUL T. CHASTANT, individually and as Trustee on behalf of Robert B Chastant D D S Defined Benefit & Profit Sharing Plans,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-2653

Before JONES, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

The widow of Dr. Robert Chastant sued to recover attorney's fees that were allegedly illegally deducted from the dentist's ERISA plans to contest her status as beneficiary. The district court entered summary judgment against Futral and awarded Defendant Paul Chastant additional legal fees. We affirm the district court's summary judgment against Futral, and reverse the award of additional legal fees.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30856

Dr. Robert Chastant was murdered on December 13, 2010. Prior to his death, he established an ERISA qualified defined benefit plan and profit sharing plan through his dental practice, which was the plans' sponsor. He also purchased several life insurance policies. The sole remaining beneficiary under the plans and insurance policies was Laurie Futral, Dr. Chastant's widow. Dr. Chastant's brother, Paul Chastant ("Chastant"), was named executor of Dr. Chastant's will and also the trustee of the ERISA plans. Shortly after her husband's death, Futral filed a suit against the insurance companies and Chastant to recover the insurance proceeds and plan benefits. By the time the suit was filed, Chastant and the insurance companies had become aware of allegations that Futral had a hand in her husband's death, which would have disqualified her from receiving benefits under the Louisiana Slayer Statute. LA. R. S. 22:901(D). In light of the allegations, the insurance companies interpled the insurance proceeds, and Chastant answered Futral's complaint and asserted the Slayer Statute as an affirmative defense. On May 21, 2012, a jury found that Futral had not participated in the murder. The verdict was not appealed, and both the insurance proceeds and the ERISA plan benefits were released to Futral.

During the course of the litigation, and allegedly in accord with the provisions of the ERISA plans, Chastant paid the majority of his attorney's fees from their corpus. Futral brought this suit to recover the funds – over $80,000 – Chastant expended on attorney's fees in the previous action. She alleged that using plan funds in this way was a breach of the fiduciary duty that Chastant owed her as the plans' trustee. On cross motions for summary judgment, the district court denied Futral's motion and granted Chastant's motion for additional attorney's fees relating to the previous suit and expenses and attorney's fees defending the instant suit. The court held that Chastant did not breach his fiduciary duty.

2

No. 13-30856

## STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo, applying the same standards as the district court. *Greater Houston Small Taxicab Co. Owners Ass'n v. City of Houston, Tex.*, 660 F.3d 235, 238 (5th Cir. 2011). [1]

## DISCUSSION

Futral contends that Chastant violated his fiduciary duty by defending against her suit to determine benefits and by paying his attorney's fees out of the corpus of the plans. She asserts that he had a conflict of interest because he acted as both the trustee of the plans and the executor under the will.

Futral first argues that this case is governed by *Gibbs v. Gibbs*, 210 F.3d 491 (5th Cir. 2000). In *Gibbs*, we reversed the district court, which held under similar circumstances that an insurer who defended against a claim for benefits was entitled to attorney's fees under the ERISA attorney's fees provision, 29 U.S.C. § 1132(g)(1). *Gibbs* is distinguishable. Here, Chastant did not seek attorney's fees under § 1132(g)(1) but rather withheld attorney's fees from the corpus of the plans pursuant to provisions in the plans. Accordingly, *Gibbs* is not relevant.

Futral next contends that Chastant's decision to defend Futral's suit and to pay his attorney's fees from the corpus of the plans violated his fiduciary duties under ERISA. In support of this argument before the district court and on appeal, Futral cites the general description of a trustee's fiduciary duties under ERISA: "the proper management, administration, and investment of

---

[1] Chastant maintains that when he paid the attorney's fees he was construing the terms of the plan and that under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989) his actions should be reviewed only for an abuse of discretion. *See also Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999) (en banc). *Firestone* held that an abuse of discretion standard governs challenges to a denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Because this is a suit for a breach of fiduciary duty rather than a suit for denial of benefits, *Firestone* does not apply and the proper standard of review is *de novo*.

No. 13-30856

[plan] assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." *Laborers Nat. Pension Fund v. N. Trust Quantitative Advisors, Inc.*, 173 F.3d 313, 317 (5th Cir. 1999) (citation omitted). She also cites 29 U.S.C. § 1104(a)(1) to reiterate the proposition that trustees have a fiduciary duty to discharge their duties "solely" in the interest of plan participants and beneficiaries. Finally, she notes that transfers of plan benefits to the fiduciary are "prohibited transactions" under 29 U.S.C. § 1106(a)(1)(D).

Other than these citations, Futral provides no authority for the proposition that Chastant's actions breached his fiduciary duties. Futral has provided no evidence that Chastant was actually conflicted, but relies instead on his dual roles as trustee of the plans and executor under the will. While it is undisputed that Chastant was wearing two hats, in this context, having dual roles, without more, is not a breach of fiduciary duty.

It should be noted that ERISA approves a similar arrangement where employers operate as both plan sponsors and administrators, even though there is a potential conflict of interest. *Varity Corp. v. Howe*, 516 U.S. 489, 526-27, 116 S. Ct. 1065, 1084-85 (1996) (Thomas, J., dissenting). This structural arrangement would not have been permitted under the traditional law of trusts, but it is a common feature under ERISA plans. *Id.*

Chastant confronted a serious question regarding the eligibility of the beneficiary under Louisiana law. It is undisputed that Chastant owed a duty of loyalty to the beneficiary of the plans, but only several weeks after his brother's murder, the allegations against Futral made it unclear whether Chastant could pay her claims without violating state law. Consequently, Chastant used plan funds to defend against a suit seeking to compel disbursement to a potentially ineligible beneficiary. When the issue was resolved, he released the balance of the funds after paying most of his

4

attorney's fees and costs.  We agree with the district court that Chastant did not breach his fiduciary duty.

Futral also asserts that Chastant should have deposited the plan monies in the court's registry and notes that this court has approved of interpleader in a prior case.  *See Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006).  But Futral has not shown that the plans require interpleader under these circumstances, and she has cited no authority for the argument that failure to interplead the funds is a per se breach of a trustee's fiduciary duty.  Interpleader is common in insurance cases where there is a dispute among potential beneficiaries because it is a relatively straightforward matter to deposit a sum certain in the court's registry.  Here, however, Chastant had a continuing duty as trustee to maintain the corpus to pay ongoing administrative fees associated with the plans.  Because of the recurring financial obligations, which existed independent of the cost of defending Futral's suit, it would be impossible to require interpleader at the outset of the litigation.

In his cross-motion for summary judgment, Chastant sought any remaining balance of attorney's fees and costs from both of Futral's lawsuits.  The court awarded him these expenses.  The only basis for Chastant's claim for additional attorney's fees is the terms of the plans.  While these documents authorize payment of legal expenses from the corpus of the plans in some situations, Chastant has not explained how they authorize recovery *from a beneficiary* after the plans' funds have been dispersed.  Neither has he attempted to demonstrate that any trusts associated with the plans are still extant or that the plans have assets to meet his additional requests for fees.  Given these facts, there was no basis to award Chastant attorney's fees from Futral above those already paid from the corpus of the plans.

No. 13-30856

For the foregoing reasons, we AFFIRM the judgment exonerating Chastant from any breach of fiduciary duty but REVERSE the award of his legal costs.

**AFFIRMED in part, REVERSED in part.**